UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**RAUL ANTONIO ERASO-MEJIA,**

    **Petitioner,**

**v.**                                          **Case No. 8:18-cv-1364-T-35TGW**

**UNITED STATES OF AMERICA,**

    **Respondent.**

_____/

## O R D E R

This matter comes before the Court on the motion of Raul Antonio Eraso-Mejia's to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. § 2255. Civ. Docs. 1, 2.[1] For the reasons that follow, which are thoroughly and persuasively articulated in the Response of the United States, the Court Orders that the Motion is **DENIED** and that the Case is **CLOSED**.

**I.  BACKGROUND**

Mejia was charged by information with conspiracy to distribute five kilograms or more of cocaine and pleaded guilty with a plea agreement. Docs. 1, 4. This Court sentenced Mejia to a term of 63 months' imprisonment, which he did not appeal. Doc. 26.[2]

Mejia filed his first section 2255 motion on April 20, 2015. Doc. 36. Among other claims, Mejia alleged counsel was ineffective by failing to file a notice of appeal. *Id.* This

---

[1] References to filings in criminal case number 8:13-cr-621-T-35TGW are cited as "Doc. [document number]." References to filings in this civil case are cited as "Civ. Doc. [document number]."

[2] For a more detailed discussion of Mejia's case facts and procedural history, please see Doc. 11 in case number 8:15-cv-1056-T-35TBM.

Court granted Mejia's motion to allow for an out-of-time appeal. Doc. 38. The Federal Public Defender filed a notice of appeal on Mejia's behalf. Doc. 43. Mejia filed motions to correct a clerical mistake and to dismiss the pending appeal with this Court and with the Eleventh Circuit, stating he did not give the Federal Public Defender permission to file an appeal on his behalf. The Eleventh Circuit granted the motion to dismiss the appeal. *See generally* Docs. 46, 47, 52. Meanwhile, this Court denied the motions before it because it lacked jurisdiction due to the then pending appeal. Doc. 48. Mejia appealed that Order, but the Eleventh Circuit dismissed the second appeal finding that it lacked jurisdiction because Mejia's appeal, to which the motion was directed, had already been dismissed. Doc. 56. Mejia has now filed a section 2255 motion alleging counsel: (1) coerced Mejia to surrender; (2) forced Mejia to sign a false document; and (3) operated under a conflict of interest. *See generally* Civ. Docs. 1, 2.

The United States does not contest the timeliness or cognizability of Mejia's motion to vacate. Mejia timely filed his section 2255 motion on May 26, 2018, less than 90 days from the voluntary dismissal of his appeal. Moreover, Section 2255 authorizes an attack on a sentence on four grounds: (1) it was imposed in violation of the Constitution or laws of the United States; (2) it was imposed without jurisdiction; (3) it exceeds the maximum authorized by law; or (4) it is otherwise subject to collateral attack. 28 U.S.C. § 2255. Mejia's claim of ineffective assistance of counsel is grounded in the Sixth Amendment and is, therefore, cognizable under 28 U.S.C. § 2255. *See, e.g., Lynn v. United States*, 365 F.3d 1225, 1234 n.17 (11th Cir. 2004) (ineffective assistance claims should be decided in section 2255 proceedings).

## II. APPLICABLE LAW

### A. Burden of proof

In general, on collateral review the petitioner bears the burden of proof and persuasion on each and every aspect of his claim, *see In re Moore*, 830 F.3d 1268, 1272 (11th Cir. 2016) (collecting cases), which is "a significantly higher hurdle than would exist on direct appeal" under plain error review, *see United States v. Frady*, 456 U.S. 152, 164–66 (1982). Accordingly, if this Court "cannot tell one way or the other" whether the claim is valid, then the defendant has failed to carry his burden. *Moore*, 830 F.3d at 1273; *cf. United States v. Rodriguez*, 398 F.3d 1291, 1300 (11th Cir. 2005) (in plain error review, "the burden truly is on the defendant to show that the error actually did make a difference … Where errors could have cut either way and uncertainty exists, the burden is the decisive factor in the third prong of the plain error test, and the burden is on the defendant.").

Courts do show leniency to pro se litigants not enjoyed by those with the benefit of a legal education. *See Powell v. Lennon*, 914 F.2d 1459, 1463 (11th Cir. 1990). Yet in the case of pro se litigants, this leniency does not give a court license to serve as de facto counsel for a party, *see Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991), or to rewrite an otherwise deficient pleading in order to sustain an action, *see Pontier v. City of Clearwater*, 881 F. Supp. 1565, 1568 (M.D.Fla.1995). *See also GJR Investments, Inc. v. Cty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998) (overruled in part on other grounds by *Randall v. Scott*, 610 F.3d 701, 709 (11th Cir. 2010)); *Yang v. Archuleta*, 525 F.3d 925, 927 n. 1 (10th Cir. 2008) ("Although we liberally construe pro se filings, we do

not assume the role of advocate." (internal quotation marks omitted)).

B.  **Merits**

To succeed on an ineffective assistance of counsel claim, a petitioner must show that (1) his counsel's performance was deficient, and (2) the deficient performance prejudiced his defense. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). When evaluating performance, this Court must apply a "strong presumption" that counsel has "rendered adequate assistance and [has] made all significant decisions in the exercise of reasonable professional judgment." *Id.* at 690.

> The test has nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would have done. We ask only whether some reasonable lawyer at the trial could have acted, in the circumstances, as defense counsel acted at trial. . . . We are not interested in grading lawyers' performances; we are interested in whether the adversarial process at trial, in fact, worked adequately.

*Waters v. Thomas*, 46 F.3d 1506, 1512 (11th Cir. 1995) (en banc; quoting *White v. Singletary*, 972 F.2d 1218, 1220–21 (11th Cir. 1992)).

To establish deficient performance, a petitioner must show that "no competent counsel would have taken the action that his counsel did take." *See Chandler v. United States*, 218 F.3d 1305, 1315 (11th Cir. 2000) (en banc). A petitioner demonstrates prejudice only when he establishes "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* If the petitioner fails to establish either of the *Strickland* prongs, his claim fails. *See Maharaj v. Sec'y, Dep't of Corr.*, 432 F.3d 1292, 1319 (11th Cir. 2005). Barebones assertions are not enough to warrant further consideration by this Court. *See Wilson v. United States*, 962 F.2d 996, 998 (11th Cir. 1992) ("Conclusory allegations of ineffective

assistance are insufficient.") (citation omitted); *see also Tejada v. Dugger*, 941 F.2d 1551, 1559 (11th Cir. 1991) (recognizing that a petitioner is not entitled to habeas relief "when his claims are merely 'conclusory allegations unsupported by specifics' or 'contentions that in the face of the record are wholly incredible'" (citation omitted)).

**DISCUSSION**
**Grounds One and Two**

Construing Mejia's claims liberally, Mejia alleges that counsel was ineffective for coercing him to surrender and sign a false statement of guilt. *See generally* Civ. Doc. 1. The record belies Mejia's vague and conclusory allegation that he is actually innocent of the offense or that counsel was ineffective in counseling him in the plea process. Civ. Doc. 2 at 24.

Mejia waived his challenge to the guilty plea by failing to object to the Court's Report and Recommendation within 14 days of its entry. Doc. 10; *See United States v. Garcia-Sandobal*, 703 F.3d 1278, 1282-83 (11th Cir. 2013) (determining that a defendant who pleaded guilty before a magistrate judge and did not file an objection to the recommendation that the district court accept the guilty plea "waived the argument that the district court should not have accepted his guilty plea[.]"). Furthermore, by pleading guilty, he waived all non-jurisdictional issues, including allegations of constitutional error. *Tollett v. Henderson*, 411 U.S. 258, 267 (1973) ("When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea"). "[W]hen a defendant makes statements under oath at a plea colloquy, he bears a heavy burden to show his statements were false." *United States v. Rogers*, 848 F.2d 166, 168 (11th Cir. 1988).

During a Rule 11 plea colloquy, a district court has three core concerns: (1) ensure that the guilty plea is free from coercion; (2) ensure that the defendant understands the nature of the charges against him; and (3) ensure that the defendant is aware of the direct consequences of the guilty plea. *United States v. Monroe*, 353 F.3d 1346, 1354 (11th Cir. 2003) (citing *United States v. Lejarde- Rada*, 319 F.3d 1288, 1289 (11th Cir. 2003)). "A defendant cannot complain of coercion where his attorney, employing his best professional judgment, recommends that the defendant plead guilty." *United States v. Buckles*, 843 F.2d 469, 472 (11th Cir. 1988). Indeed, there is no evidence that counsel coerced Mejia to plead guilty.

During the change-of-plea hearing, the Court ensured Mejia was "pleading guilty knowingly and voluntarily" and that he fully understood the consequences. Doc. 34 at 5–6. Using an interpreter, Mejia informed the Court he was not "threatened … or forced" to plead guilty and it was his sole decision to do so. Doc. 34 at 15. Mejia admitted that the facts contained in the factual basis were true and that he entered into the conspiracy knowingly and willfully. *Id.* at 38. Notably, the United States informed the Court that Mejia voluntarily surrendered to law enforcement. *Id.* at 38–39.

During sentencing, Mejia confirmed that the PSR was translated to him into Spanish and that he understood everything in it. *See* Doc. 31 at 5. Mejia indicated counsel answered all of his questions "to [his] satisfaction." *Id.* After this Court pronounced its sentence, Mejia did not object to it. Doc. 31 at 11. Though he had ample opportunities to do so, Mejia voiced no questions or concerns at any point during his change-of-plea and sentencing proceedings.

Counsel's affidavit further demonstrates he did not force or coerce Mejia. Mejia

informed counsel "from the onset" that he wished to plead guilty. *See* Affidavit of Jay A. White, Esq., Exhibit A at 3. Additionally, Mejia wanted to reduce his potential sentence and agreed to cooperate "over the course of 18 months." *Id.* During that time, counsel diligently discussed the advantages and disadvantages of pleading guilty with a plea agreement. *Id.* Mejia understood that in order to receive credit for his cooperation, he needed to plead guilty with a plea agreement. *Id.* At his change of plea, Mejia expressed a similar sentiment and informed the Court he decided to plead guilty after consulting with counsel. Doc. 34 at 15.

There is a strong presumption that Mejia's statements made during his change-of-plea are true, a presumption he has not overcome. *See United States v. Medlock*, 12 F.3d 185, 187 (11th Cir. 1994) ("There is a strong presumption that the statements made during the [plea] colloquy are true."); *see also United States v. Rogers*, 848 F.2d 166, 168 (11th Cir. 1988) (a defendant bears a heavy burden to show that his statements made under oath were false). Mejia has not met that burden.

Mejia has not shown that counsel was ineffective in assisting him in understanding his rights and entering a knowing and voluntary guilty plea.

**Ground Three**

Mejia next claims that counsel was ineffective because he labored under a conflict of interest. Civ. Doc. 1 at 5, 7. He contends that counsel did not reveal the "full truth" regarding counsel's attorney-client relationship with the coconspirators. Civ. Doc. 2 at 14. This claim lacks merit as well and entitles him to no relief.

The Sixth Amendment requires counsel to avoid conflicts of interest to fulfill the duty of loyalty owed to a criminal defendant. *Strickland*, 466 U.S. at 688. Federal Rule of Criminal

Procedure 44(c) provides that joint representation occurs when two or more defendants have been charged jointly pursuant to Rule 8(b) or have been joined for trial under Rule 13 and are represented by the same counsel or counsel who are associated in law practice. To succeed on a conflict of interest claim, Mejia must show that (1) counsel had an actual conflict of interest and (2) the conflict adversely affected counsel's performance. *Cuyler v. Sullivan*, 446 U.S. 335, 348 (1980); *Mickens v. Taylor*, 535 U.S. 162, 172, 122 S. Ct. 1237, 1244 n.5 (2002) (unless defendant shows that counsel *actively represented* conflicting interests, he has not established constitutional predicate for ineffective assistance; emphasis in original); *United States v. Solomon*, 856 F.2d 1572, 1581 (11th Cir. 1988). In this instance, there was no conflict because Mejia was the only individual charged.

To aid his cooperation efforts, Mejia brought in coconspirators to meet with agents. Exhibit A at 6–7. Mejia and his coconspirators wanted to help each other, so counsel had each individual executed a waiver of conflict of interest form. *Id.* at 7. In an abundance of caution, counsel had already contacted another local attorney who agreed to represent a coconspirator should the need arise. Mejia, however, was the only individual charged. *Id.*

Therefore, no conflict of interest existed. Mejia has failed to show how counsel's alleged conflict of interest worked adversely to his defense. On the contrary, counsel's zealous representation resulted in a sentence well below the statutory mandatory minimum. This Claim provides no relief for Mejia.

**Ground Four**

To the extent Mejia intends to present an independent claim for relief within Ground Four, his claim is incomprehensible and fails to allege any basis for relief under § 2255(a). Accordingly, this allegation does not present a cognizable claim for habeas relief. Claims

not fairly raised will not be entertained on collateral attack. *See United States v. Jones*, 614 F.2d 80 (5th Cir.1980); *Walker v. Dugger*, 860 F.2d 1010, 1011 (11th Cir.1988) ("[I]t is unreasonable to hold that a party has been put on fair notice of a claim simply because the opposing party has cited cases in a supporting memorandum that involve the claim.").

To the extent Mejia may seek to introduce corroborating circumstantial evidence in support of his claims, his request is denied. When he filed his first § 2255 motion to vacate, Mejia also moved for leave to file corroborating circumstantial evidence. (*See* case number 8:15-cv-1056-T-35TBM Doc. 14). The motion was denied as moot when Mejia's motion to vacate was granted in part to permit a delayed appeal. (*See* case number 8:15-cv-1056-T-35TBM Doc. 17). Mejia sought to introduce an English translation of a magazine article concerning, as Mejia describes it, "a customary or habitual system by counsels from United States and Colombia Republican comm[i]tting crime in big conspiracy" to defraud persons under criminal investigation. (*See* case number 8:15-cv-1056-T-35TBM Doc. 14 at 2) Mejia contends that is attorneys used this "methodology". However, the article translation provided by Mejia has no connection to Mejia's case or his attorneys. Accordingly, Mejia's request to submit this irrelevant evidence in support of his motion to vacate is denied. Mejia is not entitled to relief on Ground Four.

### D. Need for an evidentiary hearing

Mejia is not entitled to an evidentiary hearing. Mejia has the burden of establishing the need for an evidentiary hearing, *see Birt v. Montgomery*, 725 F.2d 587, 591 (11th Cir. 1984) (en banc), and he would be entitled to a hearing only if his allegations, if proved, would establish a right to collateral relief, *see Townsend v. Sain*, 372 U.S. 293, 307 (1963). A district court deciding a section 2255 motion may "order … its summary dismissal '[i]f it

plainly appears from the face of the motion and … exhibits and the prior proceedings in the case that the movant is not entitled to relief[.]'" *Broadwater v. United States*, 292 F.3d 1302, 1303 (11th Cir. 2003) (quotations omitted). Accordingly, no hearing is required when the record establishes that a section 2255 claim lacks merit, *see United States v. Lagrone*, 727 F.2d 1037, 1038 (11th Cir. 1984).

Accordingly, for the reasons set forth herein, the motion to vacate under 28 U.S.C. § 2255 (Civ. Doc. 1) is **DENIED**. The **CLERK** is directed to enter a judgment against Mejia, to **CLOSE** this case, and to enter a copy of this Order in the criminal action.

### DENIAL OF BOTH A CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL *IN FORMA PAUPERIS*

Mejia is not entitled to a certificate of appealability ("COA"). A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a court must first issue a COA. Section 2253(c)(2) permits issuing a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." To merit a certificate of appealability, Mejia must show that reasonable jurists would find debatable both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir 2001). Because he fails to show that reasonable jurists would debate either the merits of the claims or the procedural issues, Mejia is not entitled to a COA. Therefore, he is not entitled to appeal *in forma pauperis*.

Accordingly, a certificate of appealability is **DENIED**. Leave to appeal *in forma pauperis* is **DENIED**. Mejia must obtain permission from the circuit court to appeal *in forma pauperis*.

**DONE AND ORDERED** in Tampa, Florida, on this 24th day of January, 2020.

MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE